UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMI KATAOKA, Individually and on behalf of all other persons similarly situated, | ECF CASE |
| Plaintiff, | No.: _____ |
| v. | COLLECTIVE ACTION COMPLAINT |
| KOUFUKU LLC d/b/a Raku, SAN ROKU LLC d/b/a Raku, HUEY CHENG, and JEFFREY LAM, jointly and severally, | JURY TRIAL DEMANDED |
| Defendants. | |

## NATURE OF THE ACTION

1. Plaintiff Emi Kataoka ("Plaintiff") worked for Koufuku LLC d/b/a Raku ("Raku East Village"), San Roku LLC d/b/a Raku ("Raku SOHO," collectively "Corporate Defendants"), Huey Cheng ("Cheng") and Jeffrey Lam ("Lam," collectively "Defendants") as a waitress from in or around November 2016 to in or around March 2020, and from in or around June 2020 through the present.

2. Plaintiff alleges on her behalf and on behalf of other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Defendants willfully violated the FLSA by failing to pay the minimum wage.

3. Plaintiff alleges that Defendants willfully violated the New York Labor Law by (i) failing to pay the minimum wage; (ii) unlawfully retaining gratuities; (iii) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1; and (iv) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

5. Venue is proper in this District under 28 U.S.C. §§1391(b)(1) and (2).

6. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff was and is, at all relevant times, an adult individual residing in Queens, New York.

8. Defendants jointly employed Plaintiff and other individuals at all times relevant.

9. Each Defendant had substantial control over Plaintiff's and other individuals' working conditions, and over the unlawful policies and practices alleged herein.

10. Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all relevant times.

11. During all relevant times, Defendants' operations are interrelated and unified.

12. During all relevant times, Defendants have applied the same employment policies, practices, and procedures to all waitresses.

13. During all relevant times, Defendants have shared employees, including the Plaintiff, instructing them to work at both locations throughout their employment.

14. During all relevant times, Defendants have been Plaintiff's employer within the meaning of the FLSA and NYLL.

Koufuku LLC d/b/a Raku[1]

15. Koufuku LLC is a domestic limited liability company organized and existing under the laws of New York. It lists its DOS Process address as "130 Saint Marks Place, New York, New York 10009," and maintains a principal place of business at 342 East 6th Street, New York, New York 10003.

16. Koufuku LLC has done business as Raku throughout the relevant time period.

17. Koufuku LLC is listed as the premises name for Raku under the New York State Liquor Authority.

18. At all relevant times, Koufuku LLC has maintained control, oversight, and direction over the Plaintiff and similarly situated employees, including hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

19. Koufuku LLC applies the same employment policies, practices, and procedures to all waitresses at Raku, including policies, practices, and procedures with respect to payment of wages.

20. Defendant Koufuku LLC d/b/a Raku is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant Koufuku LLC is engaged in commerce or in the production of goods for commerce,

---

[1] These subject lines are included for organizational purposes only.

because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, food, beverages, computers, glassware, silverware and plates.

San Roku LLC d/b/a Raku

21. San Roku LLC is a domestic limited liability company organized and existing under the laws of New York. It lists its DOS Process address as "125 East 12th Street, Apt. 3E, New York, New York 10003," and maintains a principal place of business at 48 MacDougal Street, New York, New York 10012.

22. San Roku LLC is listed as the premises name for Raku under the New York State Liquor Authority.

23. At all relevant times, San Roku LLC has maintained control, oversight, and direction over the Plaintiff and similarly situated employees, including hiring, firing, disciplining, timekeeping, payroll and other employment practices.

24. San Roku LLC applies the same employment policies, practices, and procedures to all waitresses at Raku, including policies, practices, and procedures with respect to payment of wages.

25. San Roku LLC is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant San Roku LLC is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at

least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, food, beverages, computers, glassware, silverware and plates.

Individual Defendants Huey Cheng and Jeffrey Lam

26. Defendant Huey Cheng, upon information and belief, owns, operates and controls Corporate Defendants' day-to-day operations and management and jointly employed Plaintiff and other similarly situated employees at all relevant times.

27. Defendant Jeffrey Lam, upon information and belief, owns, operates and controls Corporate Defendants' day-to-day operations and management and jointly employed Plaintiff and other similarly situated employees at all relevant times.

28. Each individual Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees, controlled their work schedule and employment conditions, and determined their payment rate and method.

29. Defendants Cheng and Lam are regularly present at both Raku locations, interacting with customers and employees; they instruct employees as to what tasks to perform; they have the authority to hire and fire employees, change employees' pay and employee's schedules; they divide and distribute pay to employees; and they are required by law to keep records regarding their employees' hours worked and compensation.

STATEMENT OF FACTS

30. Raku East Village and Raku SOHO are both Japanese restaurants located at 342 East 6th Street, New York, New York 10003 and 48 MacDougal Street, New York, New York 10012 respectively.

Duties Performed and Hours Worked

31. Defendants employed Plaintiff as a waitress from in or around November 2016 until in or around March 2020, and from in or around June 2020 through the present.

32. Plaintiff, as a waitress, was responsible for setting, clearing and cleaning tables, taking food and drink orders from customers, and serving food and drinks to customers, among other miscellaneous duties.

33. During her employment with Defendants, due to high turnover, upon information and belief, Plaintiff worked with at least between 5 and 10 other waitresses. From personally observing and speaking with them, Plaintiff knows that her coworkers performed the same primary duties as her and were compensated in the same manner by Defendants.

34. On Tuesday, Wednesday, Thursday and Sunday, Plaintiff generally worked from approximately 5:00 p.m. until approximately 10:00 p.m. or later.

35. On Friday and Saturday, Plaintiff generally worked from approximately 5:00 p.m. until approximately 11:00 p.m. or later.

36. Throughout her employment by Defendants, Plaintiff would typically work a double-shift approximately every other week. During the double-shift, Plaintiff worked from approximately 12:00 p.m. until approximately 10:00 p.m.

37. Throughout Plaintiff's employment by Defendants, Plaintiff typically worked 5-6 days per week, for an average of 31 hours per week.

38. The weekly work schedule consists and consisted of 4 to 6 individuals working as waitresses across both Raku locations.

39. When Plaintiff and other individuals worked for Defendants, they were not given any meal break period for any weekday shift. During weekend shifts, Plaintiff and other individuals were frequently required to perform work during or before the conclusion of any meal break provided.

40. Plaintiff and other restaurant staff regularly did not have uninterrupted meal breaks.

Hourly Rate, Gratuities, Deductions

41. Defendants did not pay Plaintiff *any* compensation for the hours she worked for them.

42. Defendants paid Plaintiff below the minimum wage requirements of the FLSA and the NYLL for the entirety of her employment.

43. From speaking with them, Plaintiff knows that other waitresses, like her, were paid below the statutory minimum wage.

44. The applicable minimum wage under New York and Federal law during the applicable years are as follows:

| Year | FLSA Min. Wage[2] | Labor Law Min. Wage[3] |
|---|---|---|
| 2016 | $7.25 | $9.00 |
| 2017 | $7.25 | $11.00 |
| 2018 | $7.25 | $13.00 |
| 2019 - 2021 | $7.25 | $15.00 |

45. While employed as a waitress, Defendants did not allow Plaintiff and all similarly situated employees to retain all of their tips and as such Defendants cannot claim any "tip credit."

---

[2] http://www.dol.gov/whd/minwage/coverage.htm (last visited April 8, 2021).
[3] https://www.labor.ny.gov/workerprotection/laborstandards/workprot/minwage.shtm (last visited April 8, 2021).

46. Plaintiff's tips were totaled at the end of each week and combined with the tips received by the other waitstaff. Approximately 7% of the tips was removed and given to the kitchen employees. The remainder of the tips were split between the waitstaff and the manager, with the manager receiving a larger percentage of the tips than individual waitstaff.

47. Additionally, Defendants would also make unlawful deductions from Plaintiff's tips. Defendants would deduct the cost of incorrect or returned orders, broken dishes, and other miscellaneous expenses from Plaintiff's tips.

48. Plaintiff would receive her tips in cash at the end of each week. The tips were divided and distributed by Defendant Cheng, Defendant Lam, or another manager for Defendants.

<u>Labor Law Notice and Wage Statement Violations</u>

49. Defendants failed to provide Plaintiff with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when she was hired or at any point during her employment.

50. Likewise, Defendants did not provide Plaintiff with accurate wage statements under N.Y. Lab. Law § 195.3 with any wage payment.

51. Defendants did not post at the restaurant a poster advising Plaintiff and other employees of their right to a minimum wage.

COLLECTIVE ACTION ALLEGATIONS

52. Under 29 U.S.C. § 206, Plaintiff seeks to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed who were wait staff, and other comparable positions with different titles, at any time since

April 14, 2018 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA (the "Collective Action Members").

53. Plaintiff and the Collective Action Members are similarly situated on several legal and factual issues, including:

    a.    whether Defendants employed the Collective Action Members within the meaning of the FLSA;

    b.    whether the Collective Action Members performed similar duties;

    c.    whether Defendants willfully or recklessly violated the FLSA;

    d.    whether Defendants failed to pay the Collective Action Members minimum wages, violating the FLSA and the regulations promulgated thereunder; and

    e.    whether Defendants are entitled to avail themselves of the "tip credit" for unlawfully retaining the tips, requiring Plaintiffs to perform more than twenty percent (20 %) Non-Tipped Work, and failing to properly inform the Collective Action Members of the "tip credit."

FIRST CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE UNDER THE FLSA
(On Behalf of Plaintiff and the Collective Action Members)

54. Plaintiff repeats and realleges every allegation of the preceding paragraphs as if set forth fully herein.

55. Plaintiff consents in writing to be a party to this action under 29 U.S.C. §216(b), which is attached to this Complaint and incorporated by reference.

56. Defendants employed, and/or continue to employ, Plaintiff and the Collective Action Members within the meaning of the FLSA.

57. Defendants knowingly failed to pay Plaintiff and the Collective Action Members the minimum wages to which they were entitled under the FLSA.

58. Defendants were required to pay Plaintiff and the Collective Action Members the full minimum wage rate for all hours worked.

59. Defendants failed to pay Plaintiff and the Collective Action Members at the minimum wage for all hours worked.

60. Defendants were not and are not permitted to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59, because: (i) Defendants failed to inform Plaintiff and the Collective Action Members of the provisions of the FLSA, 29 U.S.C. § 203(m); and (ii) Defendants retained a portion of Plaintiff and the Collective Action Members' tips.

61. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled between the filing of this lawsuit and when the Court conditionally certifies the collective action.

62. As a result of Defendants' FLSA violations, Plaintiff and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY THE MINIMUM WAGE
### UNDER THE NEW YORK LABOR LAW
#### (On Behalf of Plaintiff)

63. Plaintiff repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

64. Defendants are "employers" within the meaning of Labor Law §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff.

65. The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

66. Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff the statutory minimum wage.

67. Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. § 137-2.3, *et seq.*

68. Upon information and belief, Defendants failed to furnish Plaintiff a statement with every wage payment listing the correct hours worked, rates paid, allowances taken, gross wages, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. § 137-2.2, *et seq.*

69. Defendants failed to pay Plaintiff the statutory minimum wage for each hour worked, making them liable for those hours at the statutory minimum wage.

70. Defendants were and are not eligible to avail themselves of the Labor Law tipped minimum wage rate under 12 N.Y.C.C.R.R. §§ 137-2.1, 2.2 because: (i) Defendants failed to inform Plaintiff of the provisions of Labor Law's tip credit provisions; and (ii) Defendants retained a portion of Plaintiff's tips.

71. Defendants are accordingly liable to Plaintiff for the unpaid hourly minimum wage for all her hours worked.

72. Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff the minimum wage.

73. Due to Defendants' Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

### THIRD CAUSE OF ACTION
### UNLAWFULLY RETAINED GRATUITIES
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff)

74. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

75. Defendants have willfully violated N.Y. Lab. Law. § 196-d by unlawfully retaining a portion of the gratuities that should be remitted to Plaintiff.

76. Due to Defendants' violations of the Labor Law, Plaintiff is entitled to recover from Defendants her unlawfully retained gratuities, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff)

77. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

78. Defendants have willfully failed to supply Plaintiff with the required Notice and Acknowledgement of Pay Rate and Payday under Labor Law § 195.1(a) within ten business days of her first employment date.

79. Due to Defendants' violations of Labor Law § 195.1, Plaintiff is entitled to recover from Defendants $50.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. New York. Lab. Law § 198(1)-b (2016).

## FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.3 WAGE STATEMENT UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff)

80. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

81. Defendants have willfully failed to supply Plaintiff with the required statement with every payment of wages, violating Labor Law § 195.3.

82. Due to Defendants' violations of Labor Law § 195.3, Plaintiff is entitled to recover from Defendants $100.00 for each work week that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by Labor Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Collective Action Members, respectfully requests this Court grant the following relief:

      a.      Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff and her counsel to represent the Collective Action Members and tolling of the statute of limitations;

      b.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

      c.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

      d.      An award for unpaid minimum wages under the Labor Law and the FLSA;

      e.      An award for unlawfully retained gratuities under the Labor Law;

      f.      An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;

      g.      An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

  h. An award of liquidated damages as a result of Defendants' Labor Law violations;

  i. An award of liquidated damages as a result of Defendants' willful FLSA violations;

  a. Equitably tolling the statute of limitations under the FLSA;

  b. An award of pre-judgment and post-judgment interest;

  c. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

  d. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
   April 14, 2021

        LIPSKY LOWE LLP

        s/ Douglas B. Lipsky_____
        Douglas B. Lipsky
        Alfons D'Auria
        420 Lexington Avenue, Suite 1830
        New York, New York 10170
        Tel: 212.392.4772
        Fax: 212.444.1030
        doug@lipskylowe.com
        alfons@lipskylowe.com

DocuSign Envelope ID: 5C55E5AC-AB8D-4034-AB5F-BE3470DCB6F0

CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of KOUFUKU LLC d/b/a Raku, SAN ROKU LLC d/b/a Raku, HUEY CHENG and JEFFREY LAM, jointly and severally, to pay me the wages owed as required under the Fair Labor Standards Act and/or New York Labor Law and also authorize the filing of this consent in the action(s) challenging such conduct, and to preserve and pursue any claim that I may have to the greatest extent possible. I expressly consent to the use of this consent form for purposes of making me a party plaintiff in any lawsuit and/or lawsuits that Lipsky Lowe LLP has brought and/or may bring on my behalf and other employees alleged to be similarly situated.

_____    4/13/2021
Signature                             Date

_Emi Kataoka_____
Print Name